Electronically Filed - Jackson - Kansas City - March 25, 2021 - 10:28 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**At Kansas City**

| | | |
|---|---|---|
| **HONOR TORRANCE** | ) | |
| **12019 Pawnee Lane** | ) | |
| **Leawood, KS 66209** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:**_____ |
| | ) | **Division:** _____ |
| **v.** | ) | |
| | ) | |
| **DURHAM SCHOOL SERVICES LP** | ) | |
| **4300 Weaver Parkway** | ) | |
| **Warrenville, IL 60555** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ELMER SCOTT, JR** | ) | |
| **2321 E. Meyer Boulevard** | ) | |
| **Kansas City, MO 64132** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PETITION FOR DAMAGES

Plaintiff Honor Torrance, by and through the undersigned counsel, for her causes of action against Defendants Durham School Services LP and Elmer Scott, Jr, hereby states and alleges as follows:

## PARTIES

1.     Plaintiff is an individual over the age of 18 years residing at 12019 Pawnee Lane, Leawood, Kansas 66209.

2.     Defendant Durham School Services LP ("Durham") is a business entity with its principle place of business at 4300 Weaver Parkway, Warrenville, IL 60555, offering itself to the public and specifically to the Pembroke Hill School and SD as a company competent to transport passengers by bus.

1

Electronically Filed - Jackson - Kansas City - March 25, 2021 - 10:28 AM

3.      Defendant Elmer Scott, Jr. ("Scott") is an individual over the age of 18 years currently residing at 2321 E. Meyer Boulevard, Kansas City, Missouri 64132. Defendant Scott was employed by Defendant Durham as the driver of the subject bus and was acting within the scope of that employment at the time of the subject roll-over incident.

## JURISDICTION AND VENUE

4.      The contractual agreements between Durham and The Pembroke Hill School which resulted in the injurious bus trip took place, in large part, in Jackson County, Missouri. The trip in which Plaintiff was injured originated in Jackson County, Missouri. Defendants were ultimately contracted to return Plaintiff to The Pembroke Hill School in Jackson County, Missouri. Defendant Elmer Scott lives in Jackson County, Missouri. Plaintiff resides in Jackson County, Missouri. As a result, jurisdiction and venue are proper in this forum.

## FACTS COMMON TO ALL COUNTS

5.      Based upon information and belief, Defendant Durham contracted with The Pembroke Hill School in Jackson County, Missouri, to provide passenger bus transportation for Pembroke Hill students to Tall Oaks, a campground retreat in Linwood, Kansas.

6.      Defendant Durham employed Defendant Scott as a school bus driver and assigned Defendant Scott to transport the Pembroke Hill students, including Plaintiff, to the campground.

7.      When students and teachers boarded Defendants Durham and Scott's bus on August 21, 2013, Defendant Scott was slumped over the steering wheel of that bus.

8.      The Pembroke Hill School principal, Susan Leonard, asked Defendant Scott if he was okay to drive. She also asked if Defendant Scott was going to administer any lecture or information to the students. Defendant Scott grunted that he was okay.

2

Electronically Filed - Jackson - Kansas City - March 25, 2021 - 10:28 AM

9.      On August 21, 2013, Defendant Scott was driving a school bus owned and operated by Defendant Durham with Pembroke Hill School ("PHS") students on board to Tall Oaks, a campground retreat in Linwood, Kansas.

10.     Plaintiff was a passenger on Defendant Durham's bus driven by Defendant Scott.

11.     While driving the bus, Defendant Scott attempted to exit Highway K-7 while navigating the off-ramp onto Highway K-32.

12.     As Defendant Scott entered the off-ramp to K-32, his head slumped down and to the left, and his hands let go of the wheel. As a result, the bus veered uncontrollably off the right side of the roadway and the bus rolled onto its side at a high rate of speed.

13.     Plaintiff suffered injuries as a result of the roll-over incident.

14.     At the time of the roll-over incident, Defendant Scott suffered from diabetes and high blood pressure. He had been prescribed insulin but recklessly decided not to take that medication.

15.     Defendant Durham School Services is required to maintain a medical certificate for each of its drivers. Despite numerous warnings about Elmer Scott's medical issues, Durham did nothing to question his ability to safely operate a school bus.

<u>**COUNT I**</u>

***Plaintiff v. Defendant Durham School Services LP***
**(Negligence)**

Plaintiff, for Count I of her causes of action against Defendant Durham School Services LP, states and alleges as follows:

16.     Plaintiff incorporates by reference paragraphs 1-15 above, as though fully set forth herein.

17.     Defendant Durham owned the bus at issue and hired Defendant Scott to drive the bus on August 21, 2013.

18.     Defendant Durham owed to Plaintiff a duty to use the highest degree of care, training, supervision and retention when employing drivers of its busses.

19.     Defendant Durham negligently hired, trained, supervised and/or retained Defendant Scott.

20.     Defendant Durham breached the duties it owed to Plaintiff and was negligent by allowing Defendant Scott to operate its school bus carelessly and recklessly in at least the following respects:

a.   Defendant Scott suffered from high blood pressure and diabetes that were being treated with medication;

b.   Defendant Durham failed to act upon information contained on the current medical certificate for Defendant Scott;

c.   Defendant Durham knew or should have known that Defendant Scott was diabetic and needed special certification to transport people on its bus;

d.   Defendant Durham failed to properly test Defendant Scott;

e.   Defendant Durham failed to periodically train or retrain Defendant Scott;

f.   Defendant Durham failed to properly administer a driving and written test to Defendant Scott;

g.   Defendant Durham failed to originally and/or periodically verify Defendant Scott's driving record;

4

Electronically Filed - Jackson - Kansas City - March 25, 2021 - 10:28 AM

h.  In an attempt to cover up wrongdoing by Defendant Scott, a representative of Defendant Durham removed a video recording from inside the subject bus from the scene of the incident before the police arrived; and

i.  In such other and further ways as will be learned through discovery.

21.  As a direct and proximate result of Defendant Durham's negligence in hiring, training, supervising and/or retaining Defendant Scott, Plaintiff suffered permanent injuries. By virtue of Plaintiff's injuries, Plaintiff is lawfully entitled to such damages that are fair and just for the conscious pain and suffering endured by Plaintiff.

WHEREFORE, having stated the above cause of negligence against Defendant Durham, Plaintiff respectfully request judgement against Defendant Durham for actual damages in excess of $145,000.00 that are fair and reasonable for the injuries Plaintiff sustained, for Plaintiff's costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
### *Plaintiff v. Defendant Durham School Services LP*
### **(Vicarious Liability)**

Plaintiff, for Count II of her causes of action against Defendant Durham states and alleges as follows:

22.  Plaintiff incorporates by reference paragraphs 1-21 above, as though fully set forth herein.

23.  Defendant Durham had a duty to possess and use the highest degree of care that a very careful and prudent person in Defendant's business would use under the same or similar circumstances.

24. Defendant Durham is vicariously liable for any and all actions of its employee Scott in the negligent and careless operation of its school bus by reason of its principal and agent/employer and employee relationship with Defendant Scott.

25. Plaintiff incorporates each and every allegation of negligence against Defendant Scott and its subparts and states that said conduct must be imparted to Defendant Durham.

26. As a direct and proximate result of Defendant's actions, Plaintiff SD was injured. By virtue of her injuries, Plaintiff is lawfully entitled to such damages as are fair and just for the physical and emotional injuries thus occasioned, including but not limited to mental anguish, physical disability, conscious pain and suffering, terror and further harm considering the aggravating circumstances attendant upon the injury.

27. Plaintiff further claims punitive and exemplary damages including, but not limited to, the wanton, willful, callous, reckless, and depraved conduct of Defendants which entitle Plaintiff to punitive damages to punish the Defendants and to deter future wrongdoing in that the acts and omissions of Defendants have manifested such reckless and complete indifference to and conscious disregard for the safety of the public.

WHEREFORE, having stated the above causes of vicarious liability against Defendant Durham School Services LP, Plaintiff respectfully requests judgement against Defendant Durham School Services LP for actual damages in excess of $145,000.00 that are fair and reasonable for the injuries Plaintiff sustained, for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III

### *Plaintiff v Defendant Elmer Scott, Jr.*
### (Negligence)

Plaintiff, for Count III of her causes of action against Defendant Elmer Scott, Jr., states and alleges as follows:

28.     Plaintiff incorporates by reference paragraphs 1-27 above, as though fully set forth herein.

29.     On August 21, 2013, Defendant Scott owed to Plaintiff a duty to use the highest degree of care and skill that a prudent driver would exercise under the same or similar circumstances, and a duty to follow the rules of the road.

30.     Defendant Scott breached these duties and was guilty of the following acts of negligence, carelessness and recklessness:

a.  Defendant Scott negligently and carelessly violated the rules of the road by losing control of the bus and allowing the bus to leave the roadway;

b.  Defendant Scott negligently and carelessly drove the school bus in excess of the posted speed limit;

c.  Defendant Scott negligently and carelessly failed to act after danger of a roll-over was apparent when he knew or should have known that there was a reasonable likelihood that the school bus would leave the roadway and cause personal injury or even death;

d.  Defendant Scott negligently and carelessly failed to keep a careful lookout;

e.  Defendant Scott knowingly and illegally drove the school bus while under medical care for high blood pressure and diabetes;

7

f.  Defendant Scott lied to police investigating the roll-over incident by claiming he had no medical issues that could have contributed to the incident;

g.  Defendant Scott admitted to being sluggish and tired the morning of August 21, 2013, and admitted to napping on the bus while waiting for the students to board the bus. Despite his sluggishness and tiredness, Defendant Scott proceeded to drive a bus full of school children;

h.  Defendant Scott negligently and carelessly failed to maintain the school bus in the designated lane of travel;

i.  Defendant Scott failed to issue any caution or warning to the students about the impending crash;

j.  Defendant Scott failed to issue any information or warning to the students or PHS teachers about his medical conditions and drowsiness;

k.  Defendant Scott negligently and carelessly failed to slacken speed in order to avoid the incident;

l.  Defendant Scott failed to warn the students and administration about a diabetic incident he had the prior evening which resulted in him striking two cars while trying to drive his personal vehicle; and

m.  In such other and further ways as will be learned through discovery.

31.  Defendant Scott's conduct was reckless, careless, and with the conscious disregard for the safety of the PHS students and teachers, including Plaintiff SD. As a result of Defendant's willful disregard for the safety of Plaintiff, punitive and exemplary damages are warranted.

8

32. As a direct and proximate result of Defendant Elmer Scott Jr.'s negligence, Plaintiff suffered disabling and painful injuries. By virtue of Plaintiff's injuries, Plaintiff is lawfully entitled to such damages that are fair and just for the conscious pain and suffering endured by Plaintiff.

33. As a direct and proximate result of the Defendant's actions, Plaintiff was injured. By virtue of her injuries, Plaintiff is lawfully entitled to such damages as are fair and just for the physical and emotional injuries thus occasioned, including but not limited to mental anguish, physical disability, conscious pain and suffering, terror and further harm considering the aggravating circumstances attendant upon the injury.

34. Plaintiff further claims punitive and exemplary damages including, but not limited to, the wanton, willful, callous, reckless and depraved conduct of Defendants which entitle Plaintiff to punitive damages to punish the Defendants and to deter future wrongdoing in that the acts and omissions of Defendants have manifested such reckless and complete indifference to and conscious disregard for the safety of the public.

WHEREFORE, having stated the above cause of negligence against Defendant Elmer Scott, Jr., Plaintiff respectfully requests judgement against Defendant Elmer Scott, Jr. for actual damages in excess of $145,000.00 that are fair and reasonable for the injuries Plaintiff sustained, for Plaintiff's costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above-styled action.


**Respectfully submitted,**


**BY:** _/s/ Stephen M. Gorny_
**STEPHEN M. GORNY**        **MO #45417**
**CHRISTOPHER D. DANDURAND**     **MO #63775**
**The Gorny Law Firm, LC**
**The Gorny Law Building**
**4330 Belleview Avenue, Suite 200**
**Kansas City, MO 64111**
**(816) 756-5071 (telephone)**
**(816) 756-5067 (facsimile)**
**steve@gornylawfirm.com**
**chris@gornylawfirm.com**

**ATTORNEYS FOR PLAINTIFF**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ **AT KANSAS CITY**   ☐ AT INDEPENDENCE

**RE**:   **HONOR TORRANCE V DURHAM SCHOOL SERVICES ET AL**
**CASE NO:**   **2116-CV07299**

**TO:**   **STEPHEN MICHAEL GORNY**
**4330 BELLEVIEW AVENUE, SUITE 200**
**KANSAS CITY, MO  64111**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on March 25, 2021.  However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒  **OTHER:   Your Note to Clerk, file stamped on March 25, 2021, indicates that the defendants will be served by private process server.  Before your request can be processed further you will need to eFile a Motion and Order for Appointment of Private Process Server with the current PPS number(s) on it.**
☒ **Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.**
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed MARCH 29, 2021 to:

COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**MARCH 29, 2021** _____   By _____

**Date**

Peggy Holley. 816-881-3920
**Deputy Court Administrator**
☒ **415 East 12th St., Kansas City, Missouri 64106**
☐ 308 W. Kansas, Independence, Missouri 64050

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**HONOR TORRANCE**

                         **PLAINTIFF(S),**               **CASE NO. 2116-CV07299**

**VS.**                                                   **DIVISION 13**

**DURHAM SCHOOL SERVICES ET AL**

                         **DEFENDANT(S),**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **CHARLES H MCKENZIE** on **19-JUL-2021** in **DIVISION 13** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

      a.       A trial setting;

      b.       Expert Witness Disclosure Cutoff Date;

      c.       A schedule for the orderly preparation of the case for trial;

      d.       Any issues which require input or action by the Court;

      e.       The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **CHARLES H MCKENZIE**
CHARLES H MCKENZIE**, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
STEPHEN MICHAEL GORNY, 4330 BELLEVIEW AVENUE, SUITE 200, KANSAS CITY, MO 64111

Defendant(s):
DURHAM SCHOOL SERVICES
ELMER SCOTT JR

Dated: 29-MAR-2021                                        MARY A. MARQUEZ
                                                         Court Administrator

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY, MISSOURI

| | | |
|---|---|---|
| HONOR TORRANCE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 2116-CV07299 |
| vs. | ) | Division 13 |
| | ) | |
| DURHAM SCHOOL SERVICES ET AL | ) | |
| | ) | |
| Defendant(s), | ) | |

## JUDGMENT OF DISMISSAL PURSUANT
## TO 16TH CIRCUIT RULE 37.4

UPON FULL CONSIDERATION, and being fully advised in the premises, the Court, on its own motion, dismisses the above-captioned case ☐ with / ☐ without prejudice for failure to prosecute pursuant to 16th Circuit Rule 37.4.

WHEREFORE, IT IS ORDERED, that this case is dismissed in its entirety ☐ with / ☐ without prejudice, at Plaintiff's cost.

_____APRIL 29, 2021_____        _____
DATE                                            JUDGE CHARLES H MCKENZIE
                                                          Division 13

Certificate of Service
This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following on 29th day of April, 2021.

STEPHEN MICHAEL GORNY, 4330 BELLEVIEW AVENUE, SUITE 200, KANSAS CITY, MO 64111

_____
Judicial Administrative Assistant/Law Clerk

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY, MISSOURI**

| | | |
|---|---|---|
| **HONOR TORRANCE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2116-CV07299** |
| | ) | **Division: 13** |
| **v.** | ) | |
| | ) | |
| **DURHAM SCHOOL SERVICES LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of Andrew L. Alvey, d/b/a Alvey Investigative Services, LLC, Registration No. **PPS21-0458**, who is a qualified person to serve process, is not a party and is not less than eighteen (18) years of age, as private process server in the above cause to serve process in this case.

In support of said motion, Plaintiff states that the above-named individual is on the Court's list of approved process servers and the information contained in his applications and affidavits on file is current and still correct.

Respectfully submitted,

BY: /s/ Stephen M. Gorny
STEPHEN M. GORNY        MO#45417
CHRISTOPHER D. DANDURAND  MO #63775
The Gorny Law Firm, LC
The Gorny Law Building
4330 Belleview Avenue, Suite 200
Kansas City, MO 64111
(816) 756-5071 (tel)
(816) 756-5067 (fax)
steve@gornylawfirm.com
chris@gornylawfirm.com
ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY, MISSOURI**

| | | |
|---|---|---|
| **HONOR TORRANCE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2116-CV07299** |
| | ) | **Division: 13** |
| **v.** | ) | |
| | ) | |
| **DURHAM SCHOOL SERVICES LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S OPPOSITION TO PROPOSED ORDER

Plaintiff, by and through the undersigned counsel, hereby opposes the Proposed Order. Plaintiff asserts that the recent entry is an unfortunate error. Plaintiff filed her case on March 25, 2021. Plaintiff has not yet begun to have the opportunity to prosecute her case. Plaintiff respectfully requests that the Court dismiss the Proposed Order as untimely and unnecessary.

Respectfully submitted,

BY:       /s/ *Stephen M. Gorny*       
STEPHEN M. GORNY       MO #45417
CHRISTOPHER D. DANDURAND       MO #63775
The Gorny Law Firm, LC
The Gorny Law Building
4330 Belleview Avenue, Suite 200
Kansas City, MO 64111
(816) 756-5071 (telephone)
(816) 756-5067 (facsimile)
steve@gornylawfirm.com
chris@gornylawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY, MISSOURI**

| | | |
|---|---|---|
| **HONOR TORRANCE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2116-CV07299** |
| | ) | **Division: 13** |
| **v.** | ) | |
| | ) | |
| **DURHAM SCHOOL SERVICES LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of Private

Process Server is sustained and the above-named individual id hereby approved and appointed to

serve process in the above caption matter.


Date: _____       _____
                                                               Judge



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>CHARLES H MCKENZIE | **Case Number:  2116-CV07299** |
| Plaintiff/Petitioner:<br>HONOR TORRANCE | Plaintiff's/Petitioner's Attorney/Address<br>STEPHEN MICHAEL GORNY<br>4330 BELLEVIEW AVENUE<br>SUITE 200<br>KANSAS CITY, MO  64111 |
| **vs.** | |
| Defendant/Respondent:<br>DURHAM SCHOOL SERVICES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** | **DURHAM SCHOOL SERVICES**<br>**Alias:** |

**4300 WEAVER PARKWAY**
**WARRENVILLE, IL  60555**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

05-MAY-2021
_____
Date

_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server                                       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
Date                                                              Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-4089**  1  of  1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00438-WBG   Document 1-1   Filed 06/22/21   Page 18 of 22

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



IN THE 16TH JUDICIAL CIRCUIT **COURT**, JACKSON COUNTY, **MISSOURI**

| | |
|---|---|
| Judge or Division:<br>CHARLES H MCKENZIE | **Case Number: 2116-CV07299** |
| Plaintiff/Petitioner:<br>HONOR TORRANCE | Plaintiff's/Petitioner's Attorney/Address<br>STEPHEN MICHAEL GORNY<br>4330 BELLEVIEW AVENUE<br>SUITE 200 |
| **vs.** | KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>DURHAM SCHOOL SERVICES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **ELMER SCOTT JR**
**Alias:**

**2321 E MEYER BLVD**
**KANSAS CITY, MO 64132**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    05-MAY-2021                                      
        Date                                                 Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
    Printed Name of Sheriff or Server              Signature of Sheriff or Server

            **Must be sworn before a notary public if not served by an authorized officer:**

            Subscribed and sworn to before me on _____ (date).

*(Seal)*

            My commission expires: _____    _____
                              Date                     Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCC) *For Court Use Only*: **Document Id # 21-SMCC-4002**   1   of   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,

Case 4:21-cv-00438-WBG   Document 1-1   Filed 06/22/21   Page 20 of 22

54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

Electronically Filed - Jackson - Kansas City - April 29, 2021 - 03:09 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY, MISSOURI**

| | | |
|---|---|---|
| **HONOR TORRANCE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2116-CV07299** |
| | ) | **Division: 13** |
| **v.** | ) | |
| | ) | |
| **DURHAM SCHOOL SERVICES LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of Private

Process Server is sustained and the above-named individual id hereby approved and appointed to

serve process in the above caption matter.

Date:  05-May-2021

*Cheryl Smalley*

DEPUTY COURT ADMINISTRATOR